IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

  *Plaintiff,*

vs.

JOSE GOMEZ SOLORIO,

  *Defendant.*

Case No. 09-10132-09-EFM

MEMORANDUM AND ORDER

  Defendant Jose Gomez Solorio was arrested on November 23, 2009.  He is currently serving a 240 month prison sentence for charges relating to the distribution of methamphetamine.  He has been in custody since the date of his arrest.  Recently, Solorio filed a motion for return of property regarding items of jewelry he claims he had on his person at the time of his arrest in 2009.  The Government denied his accusations, and this Court subsequently denied Solorio's motion.  Solorio then filed a motion for reconsideration asking the Court to reconsider its order.  The Court conducted a hearing and allowed Solorio to present evidence of his claims.  However, for the reasons discussed below, Solorio's Motion for Reconsideration (Doc. 932) is ultimately denied.

## I.    Factual and Procedural Background

On July 1, 2016, Jose Gomez Solorio filed a pro se Motion for Return of Property seeking the return of property he alleged that agents with the United States Drug Enforcement Administration ("DEA") seized from his residence and person during execution of a search warrant and his arrest on drug-trafficking charges in November 2009.  This Court denied that motion on August 2, 2016.  On August 22, Solorio filed a Motion for Reconsideration.  In that document, Solorio clarified that he is proceeding under Fed. R. Civ. P. 59(e) and Fed. R. Crim. P. 41(g), and is seeking the return of jewelry he was wearing on his person at the time of his arrest.

The Court conducted a hearing on January 12, 2017.  At the hearing, Solorio testified that on the day of his arrest he was wearing three items of gold jewelry—two chains and one bracelet. Solorio estimated that the three items were collectively worth about $2,500.  According to Solorio, he was still wearing the jewelry when he was transported to the Chase County Jail. When he entered the facility, he asserted that his jewelry was taken from him, registered, and put in a plastic bag.  On cross examination, he admitted that he had no records to show that those pieces of jewelry existed.

The Government then admitted into evidence DEA, U.S. Immigration and Customs Enforcement ("ICE"), and Chase County Jail records pertaining to Solorio's arrest and booking in November 2009.  Special Agent John Ferreira testified that he interviewed Solorio shortly after his arrest, but that he did not take any jewelry from Solorio.  Furthermore, he reviewed the records that were created on that date, and stated that there was no record of any jewelry being taken from Solorio.  This included a review of records from other inmates booked in the Chase

County Jail on the same date, to make sure the jewelry was not placed on one of those inmate's property sheets in error.

DEA Special Agent Greg Anderson also testified at the hearing. Special Agent Anderson testified that the agent who originally worked on Solorio's case had been reassigned to a different duty station, so he was tasked with reviewing the records from Solorio's arrest. Special Agent Anderson provided testimony about a Bond Report which included an inmate property inventory made after an unrelated arrest of Solorio in September 2009. The Bond Report was introduced into evidence without objection. The September inmate property inventory reflected that a number of items were on Solorio's possession when he was booked, including a watch, a necklace, and a bracelet. The receipt reflected that those items were returned to Solorio when he was released.

Special Agent Anderson then reviewed documents from Solorio's November 23, 2009 arrest and booking in the Chase County Jail. The November inmate property inventory reflected that no items of jewelry were taken from Solorio on that date. As part of his investigation, Special Agent Anderson also reviewed DEA, ICE, and Chase County Jail records, and he was unable to find any record of any of those entities ever possessing any of Solorio's jewelry.

## II. Discussion

Both parties' submissions demonstrate considerable confusion concerning the nature of this action. Although Solorio commenced this action by filing a Motion for Return of Property pursuant to Fed. R. Crim. P. 41(g), he did not make this motion until after the criminal

proceedings against him were concluded. Accordingly, this motion must be construed as a civil complaint for equitable relief.[1]

After reviewing the testimony and hearing the evidence, the Court denies Solorio's motion for reconsideration and the Court's original Order stands. According to Solorio's testimony, he possessed the items of jewelry taken from him when he was booked at the Chase County Jail. In response, the government submitted ample documentation of the items seized from Solorio when he was booked at the Chase County Jail. These records reflect the property seized and the date of its seizure. The Government has thus met its burden of offering evidentiary proof of the property seized from Solorio in an attempt to defeat Solorio's Rule 41(g) motion.[2] None of these inventory records from November 23, 2009, mention any items of jewelry. The September 2009 inventory records do reflect that Solorio had jewelry taken from him during that booking, but those items were returned to him upon his release—a fact not disputed by Solorio. Additionally, those records were merely introduced into evidence to show that jewelry is listed on the inventory records if the inmate has jewelry on his person when he is booked.

While Solorio alleges that these pieces of jewelry were seized by the Government and never returned, his allegations alone are insufficient to establish those facts. Moreover, Solorio has not supplied any evidence to support the existence of the allegedly seized property, nor has he even bothered to respond to the Government's records indicating that no such jewelry was

---

[1] *See United States v. Alonso Moreno*, 2004 WL 2413457, at *1 (D. Kan. Sept. 22, 2004) (quoting *United States v. Bein*, 214 F.3d 408, 411 (3d Cir. 2000)) ("Though the criminal proceedings have terminated, a district court has jurisdiction to treat a Rule 41(g) motion 'as a civil proceeding for equitable relief.' ").

[2] *See, e.g.*, *United States v. Cardona*, 897 F. Supp. 802, 804 (S.D.N.Y. 1995) (explaining that "the Government, in order to defeat a motion for the return of seized property, must provide some evidentiary proof accounting for the property seized.").

ever seized.[3] Given that the Government has satisfied its burden of proof, and that Solorio has failed to prove the existence of the jewelry in question, let alone the Government's seizure of the items, the Court finds that the Government never took possession of Solorio's jewelry. Accordingly, the Court concludes that Solorio has failed to carry his burden to provide evidence that the Government ever possessed the items of jewelry.[4]

**IT IS THEREFORE ORDERED** that Solorio's Motion for Reconsideration (Doc. 932) is hereby **DENIED.**

**IT IS SO ORDERED.**

Dated this 17th day of January, 2017.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[3] *See Sanchez Butriago v. United States*, 203 WL 21649431, at *17 (S.D.N.Y. July 14, 2003) (explaining that once the burden of proof shifts from the Government to the movant, the movant must "demonstrate the existence of the property," which the movant failed to do because he did not supply any evidence tending to prove his ownership or the existence of the items allegedly seized) (citation and quotation marks omitted).

[4] *See, e.g.*, *Gomez v. United States*, 2015 WL 3421045, at *6 (N.D. Tex. May 27, 2015) (quoting *Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007)) ("By failing to go beyond the pleadings and designate specific facts showing that ICE seized his remaining property, Plaintiff has failed to show that there is a genuine issue of material fact for trial. 'The Government cannot return property it does not possess.' ") (internal punctuation omitted).