IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* vs. JOSE GOMEZ SOLORIO, *Defendant.* | Case No. 19-10132-EFM |

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Jose Gomez Solorio's Motion to Reduce Sentence (Doc. 1001).[1] He contends that he is entitled to a sentence reduction due to recent amendments to the United States Sentencing Guidelines. The government opposes Defendant's motion for sentence reduction. For the reasons stated in more detail below, the Court dismisses Defendant's motion.

On October 26, 2010, Defendant pleaded guilty, pursuant to a Rule 11(c)(1)(C) agreement, to ten counts in a Second Superseding Indictment. Some of the offenses included conspiracy to distribute methamphetamine, distribution of methamphetamine, use of a telecommunications facility to facilitate the distribution of controlled substances, and money laundering. On January

---

[1] The Federal Public Defender's Office declined representation of Defendant in this matter.

3, 2011, the Court sentenced Defendant to 240 months' imprisonment. On August 15, 2024, Defendant filed a Motion to Reduce Sentence, requesting a sentence reduction under Amendment 821.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may file his own motion for a sentence reduction provided certain factors are met.[2] Specifically, § 3582(c)(2) allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and after considering § 3553(a) factors so long as the reduction "is consistent with applicable policy statements."[3]

Effective November 1, 2023, the Sentencing Commission amended the United States Sentencing Guidelines.[4] Part A of Amendment 821 limits the criminal history impact of "status points," and subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[5]

Defendant is not entitled to a reduction under either provision. Defendant did not receive any status points, and Defendant is not a zero-point offender. Thus, he is ineligible for a reduction in sentence under Amendment 821. Accordingly, the Court dismisses Defendant's motion.[6]

---

[2] 18 U.S.C. § 3582(c)(2).

[3] *Id.*

[4] *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

[5] *See* https://www.ussc.gov/guidelines/amendment/821 (last visited August 30, 2024); *see also* U.S.S.G. § 4A1.1; § 4C1.1.

[6] *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating that a district court should dismiss for lack of jurisdiction if a defendant is ineligible for a sentence reduction under § 3582(c)(2)).

**IT IS THEREFORE ORDERED** that Jose Gomez Solorio's Motion to Reduce Sentence (Doc. 1001) is **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 3rd day of September, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE